IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SOUSAN CHAICHIAN                                                                PLAINTIFF

v.                                    Civil No. 1:16-cv-01026

THE HARTFORD FINANCIAL
SERVICES GROUP, INC. et al.                                            DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Motion to Dismiss filed by all the Defendants in this action apart from

Defendant SWBC Insurance Services, Inc.[1]  ECF No. 8.  With this Motion, Defendants claim Plaintiff's

*pro se* case against them should be dismissed.  *Id.*  Plaintiff has responded to this Motion and argues

her claims are proper and should not be dismissed.  ECF No. 28.  Having reviewed Plaintiff's claims,

Defendants' Motion, and Plaintiff's response, the Court now recommends Defendants' Motion to

Dismiss be **GRANTED IN PART** and **DENIED IN PART** consistent with the following.

1.      **Background**:

On April 13, 2016, Defendants removed Plaintiff's case from Union County Circuit Court.  ECF

No. 1.  It appears Plaintiff originally filed her Complaint on December 30, 2015 and subsequently

amended her Complaint twice.  ECF No. 1-1.  Plaintiff's Complaint currently before this Court is dated

March 8, 2016.  ECF No. 5 (the Court will refer to this March 8, 2016 amended Complaint at the

"Complaint").  Plaintiff raises breach of contract and bad faith claims in her Complaint.  *Id.*

With this Complaint, Plaintiff has sued seven different Defendants: (1) the Hartford Financial

Services Group, Inc.; (2) the Hartford Insurance Group; (3) the Hartford Fire Insurance Company and

---

[1]Thus, the Court will refer to the Defendants who filed this Motion collectively as "Defendants."
Defendant SWBC Insurance Services, Inc. is not included as a part of these "Defendants."

its Affiliates; (4) Sentinel Insurance Company Limited; (5) Hartford Fire Insurance Company; (6) Hartford Fire and Casualty Group; and (7) SWBC Insurance Services, Inc. *Id.*

In this Complaint, Plaintiff alleges Defendants are liable because they "refused to pay for the damages suffered by the Plaintiff from weather and vandalism." ECF No. 5 at 2. Plaintiff speculates Defendants acted in bad faith as to this claim because she is of "foreign descent, can be pushed around and will not pursue litigation." *Id.* As a part of her Complaint, Plaintiff submitted her insurance contract which she claims covered the damages she suffered. *Id.*

As noted above, all but one of these seven have moved to dismiss Plaintiff's case. ECF No. 8. Specifically, Defendants claim three of the named Defendants– Hartford Insurance Group, Hartford Fire and Casualty Group, and Hartford Fire Insurance Company and its affiliates–do not exist. *Id.* Defendants claim two of the Defendants–Hartford Financial Services Group, Inc. and Hartford Fire Insurance Company–were never in a contractual relationship with Plaintiff and cannot be liable for Plaintiff's alleged damages. *Id.* Finally, Defendants claim the other Defendant–Sentinel Insurance Company, Ltd.–did have a contractual relationship with Plaintiff, but Plaintiff has not alleged sufficient facts to survival dismissal. *Id.*

Plaintiff responded to this Motion to Dismiss on July 5, 2016. ECF No. 28. With her response, Plaintiff argues none of her claims should be dismissed. *Id.* Specifically, she argues all the Defendants should remain in the action; and if her claims are not specific enough, she should be permitted leave to file an amended complaint to further explain her claims against Defendants. *Id.* Having considering all of these arguments, the Court finds Defendants' Motion to Dismiss is now ripe for consideration.

**2.** **Applicable Law:**

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. A complaint should be dismissed

"when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2006) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 570).

**3.     Discussion:**

In the present action, based upon the Court's review of the pleadings and filings in this matter, there is no indication Hartford Insurance Group, Hartford Fire and Casualty Group, and Hartford Fire Insurance Company and its affiliates are legal entities subject to suit. Actions must be brought against entities that are capable of being sued. *See* FED. R. CIV. P. 17. Because Plaintiff has not demonstrated these entities are capable of being sued, the Court recommends they be dismissed from this action.

Further, the Court recognizes Plaintiff is proceeding *pro se.* As such, her claims should be liberally construed. *See Haines v. Kerner,* 92 S.Ct. 594, 596 (1972). Keeping that directive in mind, the Court has considered all of the documentation in this case. It appears Plaintiff is raising a breach of contract claim and an insurance bad faith claim. As such, Plaintiff must demonstrate a valid contractual relationship with each Defendant. *See Quinn v. Ocwen Fed. Bank FSB,* 470 F.3d 1240, 1245 (8th Cir. 2006) (applying Arkansas law and finding "[b]ecause the Quinns cannot show the existence of a valid contract with Ocwen, they can prove no set of facts entitling them to relief, and the district court properly dismissed their breach of contract claim").

Upon review of the contract in this matter, Plaintiff has not demonstrated a contractual relationship exists between her and Defendants Hartford Financial Services Group, Inc. and between her and Hartford Fire Insurance Company. Without a contractual relationship, Plaintiff cannot

3

demonstrate she is entitled to breach of contract damages or bad faith damages. *See id. See also Unum Life Ins. Comp. of Am. v. Edwards,* 362 Ark. 624, 627, 210 S.W.3d 84, 87-88 (2005) (recognizing a bad faith claim applies when an insurance company engages "in affirmative misconduct that was dishonest, malicious, or oppressive" against the insured). Thus, the Court recommends the claims against these two Defendants be dismissed.

Finally, although Defendants admit Sentinel Insurance Company Limited did enter into a contractual relationship with Plaintiff, Defendants argue Plaintiff's case against this Defendant should be dismissed because she has not alleged sufficient facts entitling her to relief. However, as noted above, the Court will construe Plaintiff's allegations liberally since she is *pro se.* Further, this case has only been pending in this Court for less than four months. Thus, Defendants will not be prejudiced by an amended complaint. Accordingly, the Court recommends Plaintiff be granted leave to amend her complaint and add additional allegations to support her claims against Defendant Sentinel Insurance Company Limited.

**4.**   **Conclusion:**

Based upon the foregoing, the Court recommends Defendants' Motion to Dismiss (ECF No. 8) be **GRANTED IN PART**, and Defendants the Hartford Financial Services Group, Inc., the Hartford Insurance Group, the Hartford Fire Insurance Company and its Affiliates, Hartford Fire Insurance Company, and Hartford Fire and Casualty Group be dismissed from this action.

Further, as to Defendant Sentinel Insurance Company Limited, the Court recommends Plaintiff be given **twenty (20) days** to amend her Complaint and include all factual allegations related to her claim. If Plaintiff is claiming Sentinel Insurance Company Limited breached its contractual obligations, these facts might include a timeline of all events, including when the alleged vandalism and theft occurred and all correspondence related to the denial of her claim. Furthermore, Plaintiff should

include any correspondence or documentation which indicates Defendant Sentinel Insurance Company Limited acted in bad faith in denying her claim.

Because Defendant SWBC Insurance Services, Inc. has not moved to dismiss any claims against it, the Court also recommends SWBC Insurance Services, Inc. not be dismissed from this action.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **3rd day of August 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE