IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SOUSAN CHAICHIAN                                                          PLAINTIFF

v.                              Civil No. 1:16-cv-01026

THE HARTFORD FINANCIAL
SERVICES GROUP, INC. et al.                                        DEFENDANTS

## REPORT AND RECOMMENDATION
## OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Leave to Amend Complaint and for Change of Jurisdiction to Nevada and Motion for all Communications to Be in Writing. ECF No. 29. Defendants have responded to these Motions. ECF Nos. 30-31. Based upon the following, the Court recommends this Motion be **DENIED IN PART** and **GRANTED IN PART** consistent with the following.

First, Plaintiff has requested she be granted leave to amend her Complaint. ECF No. 29. The Court addressed this issue fully in a separate Report and Recommendation (ECF No. 35) entered on today's date. Thus, consistent with that reasoning, the Court recommends **GRANTING** Plaintiff's motion for leave and recommends Plaintiff be given **twenty days** to file her amended complaint.

Second, Plaintiff has requested this case be transferred to Nevada. ECF No. 29. Although Plaintiff does not state the specific provision she requests a transfer under, it appears she is requesting a transfer pursuant to 28 U.S.C. § 1404(a). Under this provision, a case may be transferred "[f]or the convenience of the parties and witnesses" and "in the interest of justice" to any *"district or division where it might have been brought or to any district or division to which all parties have consented."* (emphasis added).

Thus, as a prerequisite for a case to be transferred under 28 U.S.C. § 1404(a), one of two requirements must be met: (1) the case could have been originally brought in a given district or division or (2) the parties have consented to the given district or division. In this case, at least one Defendant

has objected to Plaintiff's requested transfer.  ECF No. 32.  Thus, the Parties have not "consented to the given district or division."  Accordingly, this case must have been able to have been "originally brought in a given district or division," which is this instance is the U.S. District Court for the District of Nevada.

Turning to the venue rules, this civil action must have been brought in either (1) a judicial district in which any defendant resides or (2) a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated."  28 U.S.C. § 1391.  In the present action, only *the Plaintiff* resides in Nevada (there is has been no demonstration any of the Defendants "reside" in Nevada), and all of the events surrounding this case occurred in Arkansas.  Thus, based upon what has been presented to the Court, because this case could not have been originally brought it Nevada, the Court cannot transfer the case there.  This request to transfer venue pursuant to 28 U.S.C. § 1404(a) should be **DENIED.**  Third, Plaintiff requests "all communications" in this case be in writing.  ECF No. 29.  All pleadings in this case are already filed on CM/ECF.  Thus, this request is unnecessary and should be **DENIED AS MOOT**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **3rd day of August 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE