IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SOUSAN CHAICHIAN                                                                                         PLAINTIFF

v.                                                         Civil No. 1:16-cv-01026

THE HARTFORD FINANCIAL
SERVICES GROUP, INC. et al.                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Sousan Chaichian ("Chaichian") filed the current *pro se* Complaint on April 13, 2016.  ECF No. 1.  On September 26, 2016, Sentinel Insurance Company Limited ("Sentinel") filed a Motion to Dismiss.  ECF No. 40.  With this Motion, Sentinel seeks dismissal of all Plaintiff's claims against it.  *Id.* Plaintiff never responded to this Motion.  This matter has been referred to the undersigned and is now ripe for consideration.

Sentinel filed this Motion nearly three months ago on September 26, 2016.  Plaintiff did not respond to this Motion.  Because Plaintiff had not responded, the Court entered a Show Cause Order directing Plaintiff to respond to Sentinel's Motion to Dismiss.  In this Order, the Court directed the following:

> **The Court directs Plaintiff to respond to this Order and respond to this Motion to Dismiss by December 16, 2016.  Plaintiff's failure to timely respond may result in a recommendation that her case be dismissed for her failure to prosecute this action.**

ECF No. 44 (emphasis in the original).

Despite this warning and this directive, Plaintiff still has not responded.  This Order was not returned as undeliverable, Plaintiff did not supply the Court with a change of address, and there is

no indication Plaintiff did not receive this order.[1]  Accordingly, based upon these facts and Plaintiff's failure to prosecute this action, I recommend Sentinel's Motion to Dismiss (ECF No. 40) be **GRANTED**, and the case against Sentinel be dismissed without prejudice.  See FED. R. CIV. P. 41(b).  *See also Link v. Wabash R.R. Co.,* 82 S.Ct. 1386 (1962) (recognizing that consistent with Rule 41(b) of the Federal Rules of Civil Procedure, a district court has the "inherent power" to dismiss a case *sua sponte* without affording notice or providing a hearing).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **19th day of December 2016.**

  /s/ Barry A. Bryant            
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[1] While Plaintiff has participated in this litigation she has not responded to the Motion to Dismiss or to the Court's Show Cause Order.