IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SOUSAN CHAICHIAN                                                                           PLAINTIFF

v.                                           Civil No. 1:16-cv-01026

THE HARTFORD FINANCIAL
SERVICES GROUP, INC. et al.                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Sousan Chaichian ("Chaichian") filed her Second Amended Complaint on September 12, 2016. ECF No. 38. On September 26, 2016, Sentinel Insurance Company Limited ("Sentinel") filed a Motion to Dismiss. ECF No. 40. With this Motion, Sentinel seeks to dismiss three of the counts in Chaichian's Second Amended Complaint. *Id.* Chaichian responded to this Motion on January 4, 2017. ECF No. 48. This matter has been referred to the undersigned and is now ripe for consideration.

**1.    Background:**

Sentinel filed this Motion over five months ago on September 26, 2016. ECF No. 40. In this Motion, Sentinel seeks to have three of the counts in Chaichian's Second Amended Complaint dismissed. *Id.* Specifically, Sentinel seeks to dismiss Chaichian's claims for breach of contract (discrimination), breach of the covenant of good faith and fair dealing, and negligence. *Id.*

Chaichian did not respond to this Motion for over two months. Because of this delay, this Court entered a show cause order on December 6, 2016 directing Chaichian to respond to Sentinel's Motion by December 16, 2016. ECF No. 44. Chaichian did not comply with that deadline. Instead, Chaichian waited until December 21, 2016 to respond. ECF No. 48. In this response, Chaichian argues these three counts against Sentinel should not be dismissed. *Id.*

**2.    Applicable Law:**

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009).

Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted)

**3.    Discussion:**

Sentinel moves to dismiss three of the five counts from Chaichian's Second Amended Complaint. ECF No. 40. These counts are the following: breach of contract (discrimination), breach of the covenant of good faith and fair dealing, and negligence. *Id.* The Court will address each of these.

First, Chaichian claims Sentinel is liable for "breach of contract – discrimination." ECF No. 38 at 3-9. With this claim, Chaichian alleges she was discriminated against because she is Iranian. *Id.* Specifically, she claims the "adjustor [adjuster] Mr. Jackson, without noticing the present [presence] of Plaintiff's husband, insulted him and discriminated against him for being Iranian." ECF No. 38 at 4. Sentinel has moved to dismiss this claim, arguing "breach of contract–discrimination" is not a recognized cause of action. ECF No. 40.

Upon review, the Court finds Sentinel is correct that "breach of contract–discrimination" is not a recognized cause of action. Here, Chaichian is alleging a breach of contract. There is no separate tort for a breach of contract action. *See, e.g., Quinn Companies, Inc. v. Herring-Marathon Group, Inc.,* 299 Ark. 431, 432, 773 S.W.2d 94, 94 (1989) ("a plaintiff may not transform a breach of contract action into a tort claim by alleging the breach was motivated by malice. The breach itself simply is not a tort."). Thus, the Court finds Sentinel is correct, and this cause of action should be dismissed.

Second, Chaichian claims Sentinel is liable for "breach of convanant [covenant] of good faith and fair dealing." ECF No. 38 at 12-15. With this claim, Chaichian again argues she was "clearly discriminated against" because she is Iranian. *Id.* Indeed, it appears Chaichian is merely rephrasing her "breach of contract–discrimination" which is not actionable under Arkansas law.

Further, even if this is truly a "bad faith" claim, Chaichian must present "affirmative misconduct by the insurance company . . . [that] must be dishonest, malicious, or oppressive in an attempt to avoid [the company's] liability under an insurance policy." *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.,* 281 Ark. 128, 132, 664 S.W.2d 463, 465 (1984). This standard is "rigorous and difficult to satisfy." *Unum Life Ins. Co. of Am. v. Edwards,* 362 Ark. 624, 627, 210 S.W.3d 84, 87 (2005). Here, Chaichian has merely raised the broad claim that she believes she was discriminated against because she is Iranian. ECF No. 38 at 12-15. This allegation is simply not sufficient to demonstrate a "bad faith" claim is plausible. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (recognizing that to survive a motion to dismiss a complaint must "contain sufficient matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). Accordingly, this claim should be dismissed.

Third, Chaichian alleges Sentinel is liable for being negligent when it allegedly breached its contract. ECF No. 38 at 15. Again, such a claim is another attempt to recast a breach of contract claim as a tort claim. As such, this negligence claim is not actionable and should be dismissed. *See Quinn Companies, Inc.,* 299 Ark. at 432, 773 S.W.2d at 94.

**4.    Conclusion:**

Based upon the foregoing, the Court finds Sentinel's Motion to Dismiss (ECF No. 40) should be **GRANTED** in its entirety and Chaichian's second, fourth, and fifth claims should be dismissed. It is recommended that the remainder of Chaichian's claims remain pending.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this 8th **day of March 2017.**

                                             /s/ Barry A. Bryant  
                                            HON. BARRY A. BRYANT  
                                            U.S. MAGISTRATE JUDGE