IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SOUSAN CHAICHIAN                                                          PLAINTIFF

v.                                  Case No. 1:16-cv-1026

THE HARTFORD FINANCIAL
SERVICES GROUP, INC. et al.                                              DEFENDANTS

# ORDER

Before the Court is the Report and Recommendation filed March 8, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 55. Judge Bryant recommends the dismissal of three of the counts in Plaintiff's Second Amended Complaint. Plaintiff has filed timely objections to the Report and Recommendation. ECF No. 56. Separate Defendant SWBC Insurance Services, Inc. has filed a response to Plaintiff's objections. ECF No. 57. The Court finds the matter ripe for consideration.

## BACKGROUND

Plaintiff, who is proceeding *pro se*, filed her Second Amended Complaint on September 12, 2016. ECF No. 38. In her Second Amended Complaint, Plaintiff alleges that Defendants wrongfully denied her insurance benefits for weather-related damage and vandalism to Plaintiff's property. Plaintiff asserts five causes of action against Defendants: (1) "breach of contract—weather damage"; (2) "breach of contract—discrimination"; (3) "breach of contract—vandalism and theft"; (4) breach of covenant of good faith and fair dealing; and (5) negligence.

On March 8, 2017, Judge Bryant issued a Report and Recommendation which recommends the dismissal of Plaintiff's claims for breach of contract—discrimination, breach of

the covenant of good faith and fair dealing, and negligence. Judge Bryant recommends the dismissal of Plaintiff's claim for "breach of contract — discrimination" because no such cause of action is cognizable under Arkansas law. Judge Bryant further recommends that Plaintiff's claim for breach of covenant of good faith and fair dealing be dismissed, because it is essentially a restatement of Plaintiff's "breach of contract — discrimination" claim. Lastly, Judge Bryant recommends the dismissal of Plaintiff's negligence claim, reasoning that it is another attempt to restate Plaintiff's "breach of contract — discrimination" claim.

**DISCUSSION**

First, Plaintiff objects to the recommended dismissal of her claim for breach of contract based upon discrimination. In her objection, Plaintiff contends that such a cause of action exists under Arkansas law. Plaintiff then proceeds to recite the facts of her alleged discriminatory treatment at the hands of Defendants and several persons and entities not named in her Second Amended Complaint.

The Court agrees with Judge Bryant's recommendation that Plaintiff's breach of contract claim based upon discrimination should be dismissed. It is true that some states recognize a claim for tortious breach of contract. *See, e.g., Carl E. Woodward, L.L.C. v. Acceptance Indem. Ins. Co.*, 743 F.3d 91, 96 (5th Cir. 2014) (recognizing that Mississippi law recognizes a claim for tortious breach of contract upon a showing of "some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort."). However, the Arkansas Supreme Court has expressly refused to recognize tortious breach of contract claims. *See Quinn Companies, Inc. v. Herring-Marathon Grp., Inc.*, 773 S.W.2d 94, 94 (Ark. 1989) ("[A] party to a contract may sue on an independent tort claim. But a plaintiff may not transform a breach of contract action into a tort claim by alleging the breach was motivated by malice. The breach

itself simply is not a tort."). Accordingly, while Plaintiff may pursue an independent cause of action for Defendants' alleged discriminatory conduct, Plaintiff may not transform her breach of contract claim into a tort by alleging that Defendants' breach was motivated by malice, such as discrimination, as she attempts to do in her Second Amended Complaint.

Plaintiff next objects to the recommended dismissal of her breach of covenant of good faith and fair dealing claim. Upon review, the Court finds that Plaintiff's objection is merely a reiteration of the above-mentioned breach of contract claim based upon discrimination. The Court has concluded that such a claim is not cognizable under Arkansas law. For the same reasons, the Court finds that Plaintiff's claim for breach of covenant of good faith and fair dealing also fails. Accordingly, the Court agrees with Judge Bryant's recommendation that Plaintiff's breach of covenant of good faith and fair dealing claim should be dismissed.

Lastly, Plaintiff's filing indicates that she does not object to the recommended dismissal of her negligence claim. The Court agrees with Judge Bryant's conclusion that Plaintiff's negligence claim is another attempt to assert her breach of contract claim as a tort claim. The Court will, therefore, adopt Judge Bryant's recommendation that Plaintiff's negligence claims against Defendants also be dismissed.

In response to Judge Bryant's Report and Recommendation, Plaintiff included a request for leave to file a Third Amended Complaint at the conclusion of her objections. The Court will thus construe Plaintiff's request as a motion for leave to file a Third Amended Complaint.

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, the Eighth Circuit has held that "a party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an

otherwise meritless claim." *Plymouth Cty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014). Thus, a district court may deny a motion to amend a complaint if the amendment would be futile. *Id*. "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice § 15.15[3] (Matthew Bender ed. 2017).

The Court notes that Plaintiff's proposed Third Amended Complaint does not appear to add any additional facts, claims or parties. Instead, Plaintiff's proposed Third Amended Complaint reasserts the aforementioned negligence and breach of covenant of good faith and fair dealing claims as breach of contract claims. As previously stated, the Court agrees with Judge Bryant's conclusion that Plaintiff's claims for negligence and breach of covenant of good faith and fair dealing should be dismissed. Accordingly, the Court finds that Plaintiff's motion for leave to file a Third Amended Complaint is an attempt to reassert these claims and should be denied as futile.

## CONCLUSION

For the reasons stated above, based on its own *de novo* review, the Court overrules Plaintiff's objections. The Court is satisfied that Judge Bryant's recommended disposition is correct and should be adopted. Accordingly, Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 40) is **GRANTED**. Plaintiff's claims for breach of contract—discrimination; breach of the covenant of good faith and fair dealing; and negligence are hereby **DISMISSED WITH PREJUDICE**.

The Court finds that the following claims still remain in this action: "breach of contract—weather damage" and "breach of contract—vandalism and theft." In addition,

4

Plaintiff's motion for leave to file a Third Amended Complaint is **DENIED**.

**IT IS SO ORDERED**, this 13th day of April, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge