IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SOUSAN CHAICHIAN                                                                                    PLAINTIFF

vs.                                          Civil No. 1:16-cv-01026

SENTINEL INSURANCE
COMPANY LIMITED and
SWBC INSURANCE SERVICES, INC.                                                              DEFENDANTS

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 71), Defendants' Motion to Enforce Actual Settlement (ECF No. 74), and Defendants' Motion to Strike Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 76). These Motions were referred to the undersigned for consideration. These Motions are now ripe for consideration.

**1.    Background:**

On April 13, 2016, this case was removed from the Circuit Court of Union County, Arkansas. ECF No. 1. Plaintiff filed this *pro se* lawsuit alleging her property was damaged by "weather and vandalism on or about the 31st of March, 2013 and July 12, 2013, respectively." ECF No. 1-1 at 2. Plaintiff named the Hartford Financial Services Group, Inc., the Hartford Insurance Group, the Hartford Fire Insurance Company (and its affiliates), Sentinel Insurance Company Limited, Hartford Fire Insurance Company, Hartford Fire and Casualty Group, and SWBC Insurance Services, Inc. as Defendants. *Id.* Subsequently, August 23, 2016, the Court dismissed all Defendants but Sentinel Insurance Company Limited and SWBC Insurance Services, Inc. ECF No. 37.

The case then proceeded for approximately one year. On or about August 1, 2017, the parties

settled this case. Plaintiff signed a "release agreement" which set out the terms of the settlement agreement. ECF No. 75-4 (filed under seal). Defendant paid Plaintiff in accord with the terms of the settlement agreement. ECF No. 75-5 (filed under seal). Plaintiff has since that time refused to sign the proposed stipulation of dismissal. ECF No. 75 (filed under seal).

Then, on September 25, 2017, Plaintiff filed the Motion to Enforce Settlement Agreement that is currently before the Court.[1] ECF No. 71. With this Motion, Plaintiff seeks to compel Defendants to give a donation to "Plaintiff's public charity UCT Nonprofit" in addition to the money Defendants have already paid Plaintiff directly to settle this matter. *Id.* Plaintiff claims she is due this amount because Defendants' attorney promised this amount "during their preliminary oral settlement agreement." *Id.*

Defendants have responded to this Motion. ECF No. 74. As a part of this response, Defendants seek to enforce the actual settlement between the Parties and dismiss this case. *Id.* Notably, Defendants claim Plaintiff has already executed a confidential release of all claims she has asserted in this matter. *Id.* Defendants claim Plaintiff has already been paid the money she is due. *Id.* Defendants request the Court enforce the actual settlement agreement between the Parties and dismiss Plaintiff's case with prejudice. *Id.*

2. **Discussion:**

Upon review, the Court finds the Parties have settled this matter, and this case should be dismissed with prejudice. Notably, Defendants have submitted confidential settlement documents

---

[1] In this Motion, it appears Plaintiff has included confidential settlement information. As noted below, Plaintiff signed a confidential release in this matter and agreed not to release the details of the Parties' settlement agreement. Because of this, and as recognized below, the Court finds Plaintiff's Motion should be struck. Further, to protect the confidentiality of this information, the Court will not refer to any specific amounts in this Report and Recommendation.

which were filed under seal, and the Court has reviewed these documents. Plaintiff did agree to settle this matter for a specific amount. Plaintiff does not dispute this agreed-upon amount has been paid to her. Instead, Plaintiff seeks *another* check to be made payable to her "public charity UCT Nonprofit." ECF No. 1. Defendants simply did not agree to provide this additional check.

Furthermore, as a part of the documentation provided to the Court under seal, Defendants have submitted a confidential release Plaintiff signed on August 1, 2017 which releases all claims Plaintiff has against Defendants related to this lawsuit.

Accordingly, because the Parties have agreed to settle this matter for a specific amount, Plaintiff does not dispute that Defendants have provided that specific amount, and Defendants have a signed confidential release of all claims, the Court finds all claims in this matter should be dismissed, and this case should be dismissed with prejudice.

As a final point, in her Motion, Plaintiff alludes to misconduct by Defendants' attorney during settlement negotiations. ECF No. 71. Notably, she claims Defendants' attorney represented he would pay more to settle the case than he actually paid. *Id.* However, upon a careful review of the documents Defendants submitted in this case, the Court finds this is simply not accurate. Defendants' attorney represented the exact terms of the settlement, and Plaintiff agreed to those exact terms. Indeed, Plaintiff stated she accepted the specific amount that was agreed-upon as "full settlement" of this lawsuit and thanked Defendants' attorney for his hard work. There is simply no evidence of any misconduct on behalf of Defendants' attorney.[2]

---

[2] Plaintiff also appears to claim she is not totally aware of what transpired in this case partly due to her "lack of computer literacy." ECF No. 17 at 9. In direct contradiction to this claim, the Court finds it interesting that the non-profit Plaintiff and her husband are the "founder and sponsor" of is "UCT Nonprofit" which stands for "University of Cyber Technology." Certainly if Plaintiff is a co-founder of a university committed to cyber technology education, she cannot be characterized as computer illiterate.

**3.    Conclusion:**

Based upon the foregoing, because Plaintiff's Motion contains confidential information and is otherwise unmerited, the Court Defendants' Motion to Strike Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 76) should be **GRANTED.**  As such, Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 71) should be **STRUCK** from the record in this case**.**   The Court recommends Defendants' Motion to Enforce Actual Settlement (ECF No. 74) be **GRANTED.**  Upon review, the Court finds the Parties have settled this matter, and this case should be **DISMISSED WITH PREJUDICE.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 2nd day of October 2017.**

> /s/   Barry A. Bryant
> HON. BARRY A. BRYANT
> U.S. MAGISTRATE JUDGE