# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# EL DORADO DIVISION

SOUSAN CHAICHIAN                                                                                   PLAINTIFF

v.                            Case No. 1:16-cv-1026

SENTINEL INSURANCE CO. LTD.; and
SWBC INSURANCE SERVICES, INC.                                DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on October 3, 2017, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 77. Plaintiff has filed timely objections to the Report and Recommendation. ECF No. 80. The Court finds this matter ripe for its consideration.

Plaintiff, who is proceeding *pro se*, initially filed this action in the Circuit Court of Union County, Arkansas. The action was subsequently removed to this Court on April 13, 2016. ECF No. 1. Although Plaintiff levies a litany of allegations against Defendants, Plaintiff's action boils down to the denial of an insurance claim for damages concerning two properties located in El Dorado, Arkansas.[1]

In July 2017, the parties agreed to settle this matter. As part of the settlement agreement, Plaintiff agreed to execute a formal release agreement and dismiss this action in exchange for a specific sum. On August 1, 2017, Plaintiff signed a "Confidential Release" pursuant to the terms

---

[1] The Court previously issued an Order dismissing several named Defendants. *See* ECF No. 37. Accordingly, Sentinel Insurance Company Limited and SWBC Insurance Services, Inc., are the only Defendants that remain in this action.

of the agreement. Defendants subsequently mailed the settlement payment to Plaintiff, along with a proposed Joint Stipulation of Dismissal with Prejudice.

On September 25, 2017, Plaintiff filed a Motion to Enforce Settlement Agreement seeking to compel Defendants to forward an additional settlement payment. ECF No. 71. In essence, Plaintiff's motion asserts that the parties negotiated an "oral settlement agreement," wherein Defendants agreed to donate a specific sum to Plaintiff's charity, in addition to the abovementioned sum. Plaintiff contends that she never received the additional payment despite opposing counsel's alleged representations. Plaintiff's motion further asserts that she was forced into settling this matter because of a "life-threatening" and "incurable" disease that prevented her from reading the settlement documents. In response, Defendants contend that no additional settlement payment was promised to Plaintiff, deny her allegations of misconduct, and move the Court to dismiss this action with prejudice. ECF No. 74. According to Defendants, Plaintiff has fully released her claims and received the agreed upon settlement sum. In addition, Defendants seek to strike Plaintiff's motion to enforce from the public record in order to maintain the confidentiality of the parties' settlement agreement. ECF No. 76.

Judge Bryant's Report and Recommendation concludes that this case should be dismissed with prejudice. Judge Bryant bases this recommendation on a review of the settlement documents, filed with the Court under seal, which do not reference an additional settlement payment. In addition, Judge Bryant notes that Plaintiff signed a Confidential Release on August 1, 2017, releasing all claims against Defendants, and failed to present any evidence to support her allegations of attorney misconduct.

The Court, having conducted a *de novo* review, agrees with Judge Bryant's conclusion that this matter should be dismissed with prejudice. Plaintiff has submitted an objection to Judge

Bryant's Report and Recommendation. ECF No. 80. However, Plaintiff's objection merely rehashes her claim that Defendants' counsel engaged in deceitful misconduct and promised her an additional settlement payment. The Court finds that there is no evidence in the record to support Plaintiff's assertions that she is owed an additional settlement payment or that Defendants' counsel engaged in misconduct. As Judge Bryant notes, the evidence clearly establishes that Defendants represented the exact terms of the settlement to Plaintiff, and Plaintiff agreed to those terms as full settlement of this action.[2]

For the reasons stated above, based on its own *de novo* review, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 77) *in toto*. Defendants' Motion to Strike (ECF No. 76) is hereby **GRANTED**. As a result, Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 71) is hereby **STRICKEN** from the record in this case. In addition, the Court finds that Defendants' Motion to Enforce Actual Settlement (ECF No. 74) should be and hereby is **GRANTED**. Accordingly, the Court finds that this matter should be and hereby is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of October, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] The Court notes that the terms of the settlement agreement indicate that Plaintiff agreed to cooperate in the filing of a dismissal of this action with prejudice. The agreement also contains a confidentiality and non-disparagement provision.